# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON

## STATE OF TENNESSEE v. DEXTER DESHUN COLEMAN

### Appeal from the Circuit Court for Lauderdale County
### No. 9298   Joe H. Walker, III, Judge

---

### No.  W2013-01450-CCA-R3-CD  - Filed February 27, 2014

---

The Defendant, Dexter Deshun Coleman, pled guilty to three counts of facilitation of especially aggravated kidnapping and one count each of especially aggravated burglary and facilitation of especially aggravated robbery.  The plea agreement provided that the Defendant would receive an effective sentence of twelve years as a Range I, standard offender with the trial court to determine the manner of service of the sentence.  Following a sentencing hearing, the trial court denied the Defendant's request for alternative sentencing and ordered that the Defendant serve his sentence in confinement.  On appeal, the Defendant contends that the trial court erred in denying his motion for alternative sentencing.  The State has filed a motion requesting that this court affirm the trial court's judgments pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

ALAN E. GLENN,  J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Melody Dougherty, Ripley, Tennessee, for the appellant, Dexter Deshun Coleman.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel, D. Michael Dunavant, District Attorney General; and Joni R. Livingston, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Defendant was charged with three counts of especially aggravated kidnapping and

one count each of especially aggravated burglary, employing a firearm during the commission of a dangerous felony, especially aggravated robbery, aggravated robbery, and being a felon in possession of a firearm. The Defendant pleaded guilty to three counts of facilitation of especially aggravated kidnapping and one count each of especially aggravated burglary and facilitation of especially aggravated robbery. Pursuant to the plea agreement, the Defendant received concurrent sentences of twelve years for each conviction to be served as a Range I, standard offender with the trial court to determine the manner of service. The Defendant had two co-defendants, Marcus Reed and Carlos Hall, who entered pleas with the trial court to determine the manner of service.

During the joint sentencing hearing,[1] Cauteliure Portis testified that on May 11, 2012, she was at the home she shared with Michael Mitchell, her fifteen-year-old daughter, and her two-year-old granddaughter when Mr. Reed and Mr. Hall forced themselves into her home and demanded money and drugs. Ms. Portis said Mr. Reed held a gun to her head and told her to "stay on the floor, b****. Don't move." Ms. Portis saw Mr. Hall place Mr. Mitchell in a headlock and drag him down the hallway. She then heard several gunshots. She did not know who fired the gun but said Mr. Mitchell was shot. Ms. Portis stated that she gave Mr. Reed and Mr. Hall a bag containing two guns. She denied possessing marijuana or giving Mr. Reed and Mr. Hall marijuana. Ms. Portis did not see the Defendant in her home during the invasion.

Ms. Portis testified that since the attack, she is afraid and feels like a prisoner in her own home. Her daughter is still "shaken up," and her granddaughter is afraid when someone knocks on the door. Ms. Portis asked that the Defendant and his co-defendants be ordered to serve their sentences in confinement. She said that if they received an alternative sentence, nothing would prevent them from committing the same type of crime again.

Mr. Mitchell testified that when he saw Mr. Hall at the door, he knew that it was "not a pleasant visit." Mr. Mitchell was unable to shut the door on Mr. Hall, who forced his way into the home. Mr. Reed followed armed with a gun. Mr. Mitchell and Mr. Hall began fighting, and Mr. Reed fired several shots and shot Mr. Mitchell in the left thigh. Mr. Reed and Mr. Hall demanded drugs and money. Mr. Mitchell denied knowing the Defendant and the co-defendants and denied that he sold drugs. Mr. Mitchell said that after he was shot, Mr.

---

[1] The Defendant did not include the transcript from her plea hearing in the appellate record. We, however, conclude that the indictment, judgments, and sentencing hearing transcript are sufficient for a meaningful review of the issue on appeal. See State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012) (concluding that "[i]f . . . the record is adequate for a meaningful review, the appellate court may review the merits of the sentencing decision with a presumption that the missing transcript would support the ruling of the trial court").

Hall grabbed him by the throat and dragged him down the hallway. Mr. Reed and Mr. Hall took two guns and $5,000 from the home. Mr. Mitchell was treated at the Regional Medical Center in Memphis for the gunshot wound.

Mr. Mitchell testified that he did not see the Defendant drive the vehicle away but said the Defendant should serve the maximum time in confinement because he was the getaway driver. Mr. Mitchell said the Defendant and the co-defendants would be a threat to the community if they were released because it was easy for them to commit the crimes. Mr. Mitchell also said it would send the wrong message if they received probation.

Mr. Hall testified that he had known the Defendant for almost three years and that the Defendant sold marijuana. Mr. Hall denied that the invasion was his idea. Rather, he said the Defendant was the "leader of the pack."

Mr. Hall stated that the Defendant drove him to the victims' home and instructed him to purchase $40.00 worth of marijuana. Mr. Hall maintained that Mr. Reed came out of nowhere and pushed him into the victims' home. Once inside the home, Mr. Hall began fighting Mr. Mitchell, who was unarmed. Mr. Hall said the Defendant remained outside in his car. Mr. Hall further said that three men entered the house and that the third man forced a woman to lie on the floor and demanded money. Mr. Hall acknowledged that Mr. Reed had a gun and fired a shot but refused to acknowledge that Mr. Reed shot Mr. Mitchell. Mr. Hall left the home, jumped into the Defendant's car, and fled the scene. The Defendant led the police on a high-speed chase when he refused to pull over.

Mr. Hall said he was afraid of testifying because he had received threats if he did so. He was unaware of whether the Defendant had prior convictions. Mr. Hall acknowledged that he provided the police with different versions of the events.

At the conclusion of the hearing, the trial court denied the request of the Defendant and his co-defendants for alternative sentencing and ordered that they serve their sentencing in confinement. The Defendant appealed.

Under the 2005 amendments to the sentencing act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2010).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707. In State v. Caudle, our supreme court clarified that the "abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." 388 S.W.3d 273, 278-79 (Tenn. 2012).

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6).

The Defendant was convicted of Class B felonies. See id. §§ 39-11-403, 39-13-305, 39-13-403, 39-14-404. As a result, he is not considered to be a favorable candidate for alternative sentencing. See id. § 40-35-102(6). Moreover, the Defendant is not eligible for probation because he received a twelve-year sentence. See id. § 40-35-303(a) (proving that

a defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed is ten years or less). The Defendant is not eligible for community corrections because he was convicted of "crimes against the person as provided in title 39, chapter 13, part 1-5" and the use or possession of a weapon was involved. See id. § 40-36-106(a)(1). Therefore, the trial court did not abuse its discretion in imposing a sentence of confinement.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgments of the trial court are affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE